UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-cv-00096-DDD-KAS

UBER TECHNOLOGIES, INC.,

       Plaintiff,

v.

SCOTT MOSS, Director of the Division of Labor Standards and Statistics,
in his official capacity, and
JARED POLIS, Governor of Colorado,

       Defendants.

**PLAINTIFF UBER TECHNOLOGIES, INC.'S OPPOSITION TO
DEFENDANT JARED POLIS'S MOTION TO DISMISS [ECF NO. 28]**

**INTRODUCTION**

In Defendant Jared Polis's Motion to Dismiss (ECF No. 28, filed January 21, 2025), the Governor attempts to distance himself from the TNC and DNC Acts (the "Acts"), disclaiming any "particular duty" "to enforce" them. *Id.* at 6–8.[1] Because the Acts permit "Director Moss and private parties" to pursue suits for damages, penalties, and injunctive relief, and the Acts do not specifically name the Governor, he claims "he is entitled to Eleventh Amendment immunity," despite conceding he has a "general duty to enforce [Colorado's] laws." *Id.* at 8 and 6.

These arguments have been raised and rejected before. They directly contravene the holdings of this Court, the Tenth Circuit, and the Colorado Supreme Court, each of which have long recognized that the Governor of Colorado is a proper defendant in cases seeking to enjoin laws that allegedly infringe constitutional rights—including laws whose enforcement is neither directly carried out, nor supervised, by the Governor himself. The Governor's "supreme executive power" and his constitutional duty to ensure that *all* of Colorado's laws, including the TNC and DNC Acts, are faithfully executed satisfies the *Ex parte Young* exception to Eleventh Amendment immunity. The Governor's motion should be denied.

---

[1] The Governor's motion does not seek dismissal of Defendant Scott Moss, the Director of the Colorado Division of Labor Standards and Statistics. To the contrary, the Governor concedes that Director Moss and his agency are empowered to "investigate alleged violations of either Act, or independently initiate such investigations" and must "establish complaint, investigation, and hearing procedures," which he has already done. (ECF 28 at 3–4.) Governor Polis has thus conceded—and Director Moss has never denied—that the Director is an appropriate defendant, giving this Court jurisdiction to enjoin enforcement of the Acts.

# ARGUMENT

*Ex parte Young,* 209 U.S. 123 (1908), created an exception to Eleventh Amendment immunity, allowing litigants seeking vindication of their constitutional rights to "sue state officers in their official capacities . . . [for] prospective relief for an ongoing violation of federal law." *Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024). To trigger the exception, the official named as a defendant need only have "*some* connection with the enforcement of the challenged statute." *Id*. (emphasis added). The official "need not have a special connection to the unconstitutional act." *Id*. (quotation marks omitted).

As the "supreme executive" of Colorado, Governor Polis has more than "some connection" with the enforcement of the TNC and DNC Acts—he is the head of Colorado's executive branch, with the mandatory duty to "take care that the laws [of Colorado] be faithfully executed." Colo. Const. art. IV, § 2. Given the Governor's constitutional duties, courts have repeatedly recognized that he is a proper defendant when a party seeks to enjoin enforcement of Colorado legislation that infringes constitutional rights. The TNC and DNC Acts do not and cannot preclude or restrict him from exercising his constitutional duties, he has never disclaimed those duties, and he has never suggested that he opposes implementation and enforcement of the Acts. Under longstanding practice and established precedent, he is a proper defendant in this case and is not immune from suit in this Court.

I. **COURTS HAVE REPEATEDLY HELD THAT THE GOVERNOR IS THE PROPER DEFENDANT IN SUITS TO ENJOIN UNCONSTITUTIONAL COLORADO LEGISLATION.**

"Colorado has long recognized the practice of naming the governor, in his official role as the state's chief executive, as the proper Defendant" in cases like this one. *Cooke v.*

*Hickenlooper*, No. 13-cv-01300-MSK-MJW, 2013 WL 6384218, at *8 (D. Colo. Nov. 27, 2013), *aff'd in part sub nom.*, *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537 (10th Cir. 2016) (citing *Developmental Pathways v. Ritter*, 178 P.3d 524, 529 (Colo. 2008)). The Governor "possesses sufficient authority to enforce (and control the enforcement of)" Colorado legislation because "[t]he Colorado Constitution states that the 'supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed.'" *Id.*, 2013 WL 6384218, *8 (quoting Colo. Const. Art. IV, § 2).[2]

This well-established case law extends to cases involving legislation that does not explicitly identify the Governor as an official who may implement or enforce it. For example, in *Wildgrass Oil & Gas Committee v. Colorado*, Governor Polis made the same argument he raises here: that the Eleventh Amendment barred the suit because he "ha[d] no connection with enforcement of the [challenged] act," and granting an injunction against him "would have no practical effect" because an administrative agency, and not he personally, was responsible for implementation and enforcement. 447 F. Supp. 3d 1051, 1061 (D. Colo. 2020), *aff'd*, 843 F. App'x 120 (10th Cir. 2021). The Court rejected that argument. It held that "[i]n Colorado, when [the defendant] is an administrative agency, or the executive branch of government, or even the state itself, the Governor, in his official capacity, is a proper defendant because he is the state's

---

[2] Impliedly referencing this Court's practice standards for motions to dismiss, the Governor claims "an element not alleged" in Uber's complaint is the Governor's "particular duty to enforce the TNC Act and the DNC Act." (ECF No. 28 at 4.) But the Governor's motion attacks the legal sufficiency of the complaint, not its particular allegations (which is why, during conferral, counsel to the Governor conceded that he did not believe the motion to dismiss was "correctable through an Amended Complaint"). In any event, Uber has adequately alleged facts necessary to defeat the Governor's motion: namely, the complaint alleges that the Governor is the "head of the Colorado Executive Branch." (ECF No. 1 at 7 ¶ 18.) This is sufficient, as discussed in this brief, to trigger *Ex parte Young* under a long line of precedent.

chief executive." *Id.* (quoting *Ainscough v. Owens*, 90 P.3d 851, 858 (Colo. 2004)). This conclusion was based on "a survey of Colorado law" showing a "long recognized practice of naming the governor, in his official role as the state's chief executive, as the proper defendant in cases where a party seeks to enjoin state enforcement of a statute, regulation, ordinance, or policy." *Id*. (quoting *Cooke*, 2013 WL 63842189, at *8). The court noted the large "variety of the cases" in which the Governor was named as a defendant, "illustrat[ing] how widespread and well-established this practice is." *Id*. (parenthetically quoting *Ainscough*, 90 P.3d at 858). "Until the Colorado Supreme Court indicates more explicitly its intention to invalidate its longstanding practice," the court held, "I will not do so." *Id*.

The Governor is also the appropriate defendant under Colorado law when, as here, the challenged legislation is at least partially enforced by those the Governor does not, or cannot, constitutionally supervise or control. (*See* ECF No. 28 at 8 (arguing that Governor Polis is an improper defendant in part because the TNC and DNC Acts can be enforced by private parties).) In two cases—one decided a decade ago and one litigated just recently—this Court and the Tenth Circuit rejected the argument that the Governor was not a proper defendant because an injunction against him would not bind other parties with enforcement authority.

The first case is *Cooke v. Hickenlooper*, in which the plaintiffs challenged criminal statutes imposing restrictions on firearm transfers and magazine capacities. Seeking dismissal, the Colorado Attorney General's office argued that "because the Plaintiffs sued the Governor, any injunction against enforcement of the statute or declaratory relief deeming the statute unconstitutional would not bind the local District Attorneys who carry out the actual enforcement of the statute." 2013 WL 6384218, at *8. This Court was "not persuaded." *Id*.

5

Because "[t]he Colorado Constitution states that the 'supreme executive power of the state shall be vested in the governor, who shall take care that the laws be faithfully executed,'" the Court held, "Colorado has long recognized the practice of naming the governor, in his official role as the state's chief executive, as the proper Defendant in cases where a party seeks to enjoin state enforcement of a statute, regulation, ordinance, or policy." *Id*. (quoting Colo. Const. Art. IV, § 2 and *Ritter*, 178 P.3d at 529). Accordingly, "the Governor, in his official capacity, possesses sufficient authority to enforce (and control the enforcement of) the complained-of statute." *Id*. The Court came to this conclusion even though Colorado's district attorneys are independent constitutional officers and the Governor does not (and indeed cannot) exercise constitutional authority or supervision over them. *See* Colo. Const. art. VI, Sec. 13; *People ex rel. Losavio v. Gentry*, 606 P.2d 57, 61 (1980) ("Under the [Colorado] Constitution, the legislature is the only body empowered to circumscribe the duties of the district attorney.").

Just last year, the Tenth Circuit reaffirmed the holding of *Cooke*. *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 111 (10th Cir. 2024). In *Rocky Mountain Gun Owners*, plaintiffs sought to enjoin enforcement of a Colorado law imposing a new minimum age for the sale and purchase of firearms. *Id*. at 104–05. Under the law, violating the age requirement was a class 2 misdemeanor, with enforcement vested not in the Governor but, again, in Colorado's constitutionally independent district attorneys. Both the district court and the Tenth Circuit rejected Governor Polis's argument—substantively identical to the one he raises here—that he was an improper defendant because an injunction against him would be ineffective. *Id*. (holding that, due to his constitutional duties as supreme executive, "Governor Polis, acting in his official

6

capacity, is authorized to carry out and oversee enforcement of [the challenged laws]"); *Rocky Mountain Gun Owners v. Polis*, 685 F. Supp. 3d 1033, 1047 (D. Colo. 2023) (same).[3]

This line of established case law is based on the Colorado Supreme Court's own precedent. In *Ritter*, for example, the plaintiffs challenged Amendment 41, the Colorado constitutional amendment banning gifts to public employees and officers. 178 P.3d at 526. Notably, Amendment 41 created a constitutionally *independent* ethics commission, whose enforcement duties were driven by complaints from "any person"—i.e., *private parties*. *Id*. at 427. The court nonetheless found it proper to name the Governor as the defendant. *Id*.; *see also Ainscough*, 90 P.3d at 858 (surveying a "variety" of cases and holding that "the Governor in his official capacity is an appropriate defendant for all of the claims in this case"). The Acts, like Amendment 41, similarly vest enforcement authority, in part, in private parties. Colo. Rev. Stat. §§ 8-4-126(8)(d) and -127(13)(d). The long line of case law discussed above makes clear the Governor is nonetheless the appropriate defendant to enjoin enforcement of those statutes.[4] The

---

[3] In both *Cooke* and *Rocky Mountain Gun Owners*, the Governor's jurisdictional objections were based on the Article III standing elements of causation or redressability, rather than Eleventh Amendment immunity. *Rocky Mountain Gun Owners*, 121 F.4th at 111; *Cooke*, 2013 WL 6384218, at *8. But the courts nonetheless relied on the Governor's power under the Colorado Constitution to carry out and oversee enforcement of all Colorado laws—which is the power Plaintiff is invoking here. And, as both the Tenth Circuit and judges in this District have recognized, the causation and redressability prongs of Article III standing are closely tied to whether a state official possesses the enforcement duties and powers necessary to satisfy *Ex parte Young*. *Rocky Mountain Gun Owners*, 685 F. Supp. 3d at 1047 (holding that "there is a common thread between Article III standing analysis and *Ex parte Young*"); *see also Kitchen v. Herbert*, 755 F.3d 1193, 1201 (10th Cir. 2014) (equating the *Ex parte Young* analysis to the "causation and redressability requirements of standing").

[4] It is common for courts to enjoin unconstitutional statutes that include private rights of action by ordering relief against state officials. For example, in *Moody v. NetChoice, LLC,* 603 U.S. 707 (2024), the plaintiffs challenged Florida and Texas statutes that limited social media companies' content moderation practices, naming the attorneys general of Texas and Florida as

Governor is Colorado's supreme executive; this Court, the Tenth Circuit, and the Colorado Supreme Court have long recognized him as a proper defendant in cases seeking to enjoin enforcement of unconstitutional legislation.

II. **THE MOTION TO DISMISS IGNORES THE RELEVANT AND CONTROLLING DECISIONS OF THIS COURT, THE TENTH CIRCUIT, AND THE COLORADO SUPREME COURT.**

The precedent discussed above—which the Governor's motion to dismiss entirely ignores—demonstrates the flaws in Governor Polis's motion. Moreover, this precedent shows that the cases the Governor's motion *does* mention are inapposite.

Most glaringly, the cases cited in the motion to dismiss do not address the authority of *Colorado's* Governor or the principles of *Colorado law* that led to the decisions in *Cooke*, *Wildgrass*, and *Rocky Mountain Gun Owners.* Indeed, most of the cases Governor Polis cites do not address Eleventh Amendment immunity for Colorado's Governor, whom a state supreme court has recognized is the proper defendant in cases seeking to enjoin state laws—the cases instead address officials from outside Colorado, whose powers depended on their own state's laws. *See Free Speech Coal., Inc. v. Anderson*, 119 F.4th 732, 736 (10th Cir. 2024) (seeking injunction against the Utah Attorney General and Commissioner of Utah Department of Public

---

defendants. The trial courts in both cases granted injunctive relief against the entirety of the statutes, including provisions granting private rights of action. *NetChoice, LLC v. Moody*, 546 F. Supp. 3d 1082, 1084–85 (N.D. Fla. 2021), *aff'd in part, vacated in part, remanded sub nom*. *NetChoice, LLC v. Att'y Gen., Fla*., 34 F.4th 1196 (11th Cir. 2022), *vacated and remanded sub nom*., *Moody v. NetChoice*, LLC, 603 U.S. 707 (2024). In granting an injunction against the Florida law, the district court noted that each of the named defendants (the Attorney General of Florida, members of the Florida Elections Commission, and a Deputy Secretary of the Florida Department of Management Services) had "a role in enforcement of the provisions at issue and is a proper defendant under *Ex parte Young*." *NetChoice, LLC v. Moody*, 546 F. Supp. 3d at 1084–85.

8

Safety); *Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965 (10th Cir. 2021) (seeking injunction against the New Mexico Governor and Attorney General).

Perhaps most illustrative, Governor Polis relies on *Peterson v. Martinez*, where plaintiffs sued the Executive Director of the Colorado Department of Public Safety to challenge Colorado's lack of reciprocity for concealed handgun licenses. 707 F.3d 1197 (10th Cir. 2013). The court held that because Colorado "sheriffs … enforce [concealed handgun license] reciprocity, not the executive director of the Department of Public Safety," the executive director was "entitled to Eleventh Amendment immunity." *Id*. at 1207. *Peterson* stands in stark contrast to *Cooke* and *Rocky Mountain Gun Owners*, in which locally elected district attorneys (analogous to locally elected sheriffs) had the authority to enforce the challenged statutes. In *Peterson*, the Governor was not named; in *Cooke* and *Rocky Mountain Gun Owners*, he was. And, based on longstanding precedent from the Colorado Supreme Court, the Governor was a proper defendant. The motion to dismiss flatly ignores this key distinction.

The Governor's reliance on *Chamber of Commerce of the U.S. v. Edmondson*, is similarly misguided. 594 F.3d 742 (10th Cir. 2010). There, the Tenth Circuit *rejected* the Oklahoma Attorney General's argument that it had "no power" to enforce the statute, *id*. at 750, in part because of his broad statutory authority to represent the state in "any action" implicating the state's interests. *Id*. at 758. Here, Governor Polis's authority is even more well established—he is the official in Colorado that state and federal courts uniformly recognize is a proper defendant in suits to enjoin unconstitutional legislation, and he should not be allowed to prematurely exit this litigation.

## CONCLUSION

Based on long-established precedent from this Court, the Tenth Circuit, and the Colorado Supreme Court, Governor Polis is a proper defendant in this litigation. The Governor's motion to dismiss should be denied.

Dated: January 22, 2025.              Respectfully submitted,

                                      *s/ Frederick R. Yarger*

Michael J. Gottlieb                   Frederick R. Yarger
Jeremy Bylund                         Kathryn A. Reilly
Meryl Governski                       Virginia M. Creighton
Willkie Farr Gallagher LLP            Wheeler Trigg O'Donnell LLP
1875 K Street N.W.                    370 Seventeenth Street, Suite 4500
Washington, DC 20006-1238             Denver, CO 80202
Telephone:    202.303.1016            Telephone:   303.244.1800
Email:  MGottlieb@willkie.com         Facsimile:   303.244.1879
        jbylund@willkie.com           Email:   yarger@wtotrial.com
        governski@willkie.com                  reilly@wtotrial.com
                                               creighton@wtotrial.com

                                      Simona A. Agnolucci
                                      Jonathan A. Patchen
                                      Argemira Flórez
                                      Alyxandra N. Vernon
                                      Willkie Farr & Gallagher LLP
                                      333 Bush Street, Floor 34
                                      San Francisco, CA 94104
                                      Telephone:    415.858.7400
                                      Email:  SAgnolucci@willkie.com
                                              jpatchen@willkie.com
                                              aflorez@willkie.com
                                              avernon@willkie.com

                                      *Attorneys for Plaintiff Uber Technologies, Inc.*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

11

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on January 22, 2025, I electronically filed the foregoing **Plaintiff Uber Technologies, Inc.'s Opposition to Defendant Jared Polis's Motion to Dismiss** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Peter G. Baumann**
  peter.baumann@coag.gov

- **Tanya Santillan**
  Tanya.Santillan@coag.gov

- **J. Gregory Whitehair**
  Greg.Whitehair@coag.gov

*s/ Claudia L. Jones for Frederick R. Yarger*