IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-96-DDD-KAS

UBER TECHNOLOGIES, INC.,

    Plaintiff,

v.

SCOTT MOSS, Director of the Division of Labor Standards and Statistics in his official capacity

    Defendant.

## ANSWER TO AMENDED COMPLAINT

Defendant, Scott Moss, Director of the Division of Labor Standards and Statistics (Division) in his official capacity, by and through his attorneys of record, answers the allegations in Plaintiff's Amended Complaint (ECF No. 53) as follows:

### INTRODUCTION

1. Defendant denies the allegations in Paragraph 1 of the Amended Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Amended Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Amended

Complaint, except admits that SB24-075 was signed into law and that Plaintiff is challenging certain disclosures required under C.R.S. § 8-4-127(11) in this lawsuit.

5. Defendant denies the allegations in Paragraph 5 of the Amended Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Amended Complaint, except admits that C.R.S. § 8-4-127(13) authorizes the Director to enforce the Act.

7. Defendant denies the allegations in Paragraph 7 of the Amended Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Amended Complaint, except admits that the U.S. Supreme Court issued a decision in *Brown v. Ent. Merchs. Ass'n.*, 564 U.S. 786 (2011) and refers to that decision for its contents.

9. Defendant denies the allegations in Paragraph 9 of the Amended Complaint, except admits that Plaintiff is a company that operates in Colorado and throughout the United States.

10. Defendant denies the allegations in Paragraph 10 of the Amended Complaint, except admits that Plaintiff is an entity that uses a digital network to connect riders to drivers for the purpose of providing transportation, and that drivers earn income providing transportation services. Defendant lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Amended Complaint and therefore denies them.

11.   Defendant denies the allegations in Paragraph 11 of the Amended Complaint, except admits that drivers are connected to riders through Plaintiff's platform. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Amended Complaint and therefore denies them.

12.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint and therefore denies them.

13.   Defendant denies the allegations in Paragraph 13 of the Amended Complaint, except admits that Sen. Rodriguez testified in support of SB24-075 and refers to that testimony for its contents.

14.   Defendant denies the allegations in Paragraph 14 of the Amended Complaint, except admits that SB24-075 was signed into law and refers to that bill for its contents.

15.   Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16.   Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

## THE PARTIES

17. Defendant admits the allegations in Paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Amended Complaint.

## JURISDICTION AND VENUE

19. Defendant denies the allegations in Paragraph 19 of the Amended Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

20. Defendant denies the allegations in Paragraph 20 of the Amended Complaint, except admits that Plaintiff requests declaratory and injunctive relief in its Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Amended Complaint, except admits that Plaintiff purports to invoke the venue of this Court.

## FACTUAL ALLEGATIONS

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Amended Complaint and

therefore denies them.

24. Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and therefore denies them.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and therefore denies them.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Amended Complaint and therefore denies them.

30. Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint, except admits that it is important for drivers to have information about their earnings.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and therefore denies them.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Amended Complaint and therefore denies them.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Amended Complaint and therefore denies them.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Amended Complaint and therefore denies them.

36.     Defendant denies the allegations in Paragraph 36 of the Amended Complaint, except admits that C.R.S. § 8-4-127(11)(b) requires certain disclosures and refers to that statute for its contents.

37.     Defendant denies the allegations in Paragraph 37 of the Amended Complaint, except admits that C.R.S. § 8-4-127(11)(e) contains certain requirements

and refers to that statute for its contents.

38. Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint and therefore denies them.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Amended Complaint and therefore denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Amended Complaint and therefore denies them.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Amended Complaint and therefore denies them.

43. Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Amended

Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Amended Complaint, except admits that Plaintiff already collects the information required to be disclosed under C.R.S. § 8-4-127(11)(a)-(b).

51. Defendant denies the allegations in Paragraph 51 of the Amended Complaint, except admits that Plaintiff already collects the information required to be disclosed under C.R.S. § 8-4-127(11)(a)-(b).

52. Defendant denies the allegations in Paragraph 52 of the Amended Complaint, except admits that Plaintiff already collects the information required to be disclosed under C.R.S. § 8-4-127(11)(a)-(b).

53. Defendant denies the allegations in Paragraph 53 of the Amended Complaint, except admits that Plaintiff already collects the information required to

be disclosed under C.R.S. § 8-4-127(11)(a)-(b).

54. Defendant denies the allegations in Paragraph 54 of the Amended Complaint, except admits that Figure 8 demonstrates that it is not unduly burdensome for Plaintiff to comply with C.R.S. § 8-4-127(11)(b).

55. Defendant denies the allegations in Paragraph 55 of the Amended Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Amended Complaint, except admits that C.R.S. § 8-4-127(11)(d) requires certain disclosures and C.R.S. § 8-4-127(11)(e) contains certain requirements, and refers to those statutes for their contents.

59. Defendant denies the allegations in Paragraph 59 of the Amended Complaint.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Amended Complaint and therefore denies them.

61. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 61 of the Amended Complaint and therefore denies them.

62. Defendant denies the allegations in Paragraph 62 of the Amended Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Amended Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Amended Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Amended Complaint, except admits that C.R.S. § 8-4-127(11)(a) requires certain disclosures and refers to that statute for its contents.

70. Defendant denies the allegations in Paragraph 70 of the Amended

Complaint.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Amended Complaint and therefore denies them.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Amended Complaint and therefore denies them.

73. Defendant denies the allegations in Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Amended Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Amended Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Amended Complaint, except admits that C.R.S. § 8-4-127(11)(f) requires certain disclosures and refers to that statute for its contents.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Amended Complaint and therefore denies them.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Amended Complaint and therefore denies them.

81. Defendant denies the allegations in Paragraph 81 of the Amended Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Amended Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Amended Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Amended Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Amended Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Amended Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Amended Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Amended Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Amended Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Amended Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Amended Complaint.

**CLAIM FOR RELIEF**
**COUNT I: Declaratory Relief and Preliminary and Permanent Injunctive Relief for Violations of the First Amendment to the United States Constitution (42 U.S.C. § 1983) As Applied**

94. Defendant incorporates his responses to Paragraphs 1-93 above as if fully set forth herein.

95. Defendant denies the allegations in Paragraph 95 of the Amended Complaint, except admits that the First Amendment applies to the States through the Fourteenth Amendment, and that the U.S. Supreme Court issued a decision in *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205 (2013) and refers

to that decision for its contents.

96. Defendant denies the allegations in Paragraph 96 of the Amended Complaint, except admits that the U.S. Supreme Court issued decisions in *Police Dep't of Chi. v. Mosley,* 408 U.S. 92 (1972), *303 Creative LLC v. Elenis,* 600 U.S. 570 (2023), and *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2015), and refers to those decisions for their contents.

97. Defendant denies the allegations in Paragraph 97 of the Amended Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Amended Complaint.

99. Defendant denies the allegations in Paragraph 99 of the Amended Complaint.

100. Defendant denies the allegations in Paragraph 100 of the Amended Complaint.

101. Defendant denies the allegations in Paragraph 101 of the Amended Complaint.

102. Defendant denies the allegations in Paragraph 102 of the Amended Complaint.

103. Defendant denies the allegations in Paragraph 103 of the Amended Complaint.

104. Defendant denies the allegations in Paragraph 104 of the Amended Complaint.

105. Defendant denies the allegations in Paragraph 105 of the Amended Complaint.

106. Defendant denies the allegations in Paragraph 106 of the Amended Complaint.

107. Defendant denies the allegations in Paragraph 107 of the Amended Complaint.

108. Defendant denies the allegations in Paragraph 108 of the Amended Complaint.

109. Defendant denies the allegations in Paragraph 109 of the Amended Complaint.

110. Defendant denies the allegations in Paragraph 110 of the Amended Complaint.

111. Defendant denies the allegations in Paragraph 111 of the Amended Complaint.

112. Defendant denies the allegations in Paragraph 112 of the Amended Complaint, except admits that Defendant has authority to enforce C.R.S. § 8-4-127(11).

113. Defendant denies the allegations in Paragraph 113 of the Amended

Complaint, except admits that Plaintiff's claims are meritless.

114.   Defendant denies the allegations in Paragraph 114 of the Amended Complaint.

115.   Defendant denies the allegations in Paragraph 115 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies the allegations contained in Plaintiff's "Prayer for Relief," including that Plaintiff is entitled to the requested relief.

## GENERAL DENIAL

Defendant generally denies all the allegations made in the Amended Complaint that are not specifically admitted in this Answer.

## DEFENSES

Plaintiff fails to state a claim upon which relief may be granted.

Plaintiff's claim fails because the disclosure requirements in C.R.S. § 8–4–127(11) comply with the First Amendment.

## DEFENDANT'S REQUESTED RELIEF

Based on the foregoing, Defendant requests that the Court rule in his favor as follows:

That judgment be entered against Plaintiff;

That Plaintiff's requests for relief be denied; and

For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of March, 2025.

                                                 PHILIP J. WEISER
                                                 Attorney General

*s/ Pawan Nelson*

J. GREGORY WHITEHAIR*
Senior Assistant Attorney General
PAWAN NELSON*
Senior Assistant Attorney General
TANYA SANTILLAN*
Assistant Attorney General

1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720-508-6584, 6578, 6130

E-Mail:   greg.whitehair@coag.gov
              pawan.nelson@coag.gov
              tanya.santillan@coag.gov

*Counsel of Record for Defendant Scott Moss, in his official capacity

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2025, I electronically filed the foregoing ANSWER TO AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record:

*s/Linda Ruth Carter*
Linda Ruth Carter, Senior Paralegal
